**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| SIKES COOKERS & GRILL, INC., a Georgia corporation, | : : : | |
| Plaintiff, | : : | |
| v. | : : : | CIVIL ACTION NO. 1:08-CV-0750-JOF |
| VIDALIA OUTDOOR PRODUCTS, INC., a Georgia corporation, et al., | : : : | |
| Defendants. | : | |

## OPINION AND ORDER

The instant matter is before the court on Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [5] and Plaintiff's Motion to Strike or in the Alternative Motion to Stay [11] and Motion for Leave to File Surreply and to Supplement Statement of Additional Material Facts [20].

**I.    Background**

On March 4, 2008, Plaintiff Sikes Cookers & Grill, Inc. ("Sikes"), filed a complaint against Defendant Vidalia Outdoor Products, Inc. ("Vidalia"), and numerous entities that sell Vidalia grill products alleging patent infringement. Sikes owns all the rights, title, and interest in United States Patent Number 6,038,964 ("the '964 patent"), obtained in 2000, and United States Patent Number 7,320,278 ("the '278 patent"), obtained in 2008, and

manufactures and sells convection based cooking grills in accordance with these patents. Vidalia, formed by former Sikes employee Chris Jones, manufactures, advertises, promotes, markets, sells, and resells to distributors four models of outdoor cooking grills in competition with Sikes. Sikes alleges that "[t]he grills manufactured and sold by Vidalia, alone and the above-named resellers and distributors, infringes at least one claim of the '964 patent and at least one claim of the '278 patent." (Cmpl. ¶ 46). Sikes claims that it notified Vidalia of their infringement of the '964 patent in 2004 and Vidalia refused to discontinue manufacturing and selling grills which allegedly infringed this patent. Plaintiff insists that Defendants' infringement has been and continues to be deliberate, willful, intentional, and objectively reckless and demands enhanced damages pursuant to 35 U.S.C. § 284, attorney's fees and expenses pursuant to 35 U.S.C. § 285, other damages to be determined at trial, and injunctive relief.

On April 18, 2008, without answering, Defendants filed the instant Motion to Dismiss or in the Alternative Motion for Summary Judgment. First, Defendants contend that Plaintiff has failed to sufficiently plead its claim under Fed. R. Civ. P. 8(a) because Plaintiff has not alleged which of Defendants' four grills violate the patents, which claim of the patents they violate, or how they violate these claims. Second, Defendants maintain that none of their grills infringes any of Plaintiff's patents as a matter of law. Defendants insist that their grills do not infringe on the '964 patent because their grills do not contain "a

2

baffle" or a "means for creating an air flow that is coupled to an air outlet," and their grills do not infringe the '278 patent because they do not contain "a baffle." (Mot. [5], at 18, 22).

On May 9, 2008, Plaintiff filed the instant Motion to Strike or the Alternative Motion to Stay. Plaintiff accuses Defendants of asking the court to "engage in a piecemeal claim construction process (starting with the construction of 'baffle' and 'means for creating airflow')" in an effort to avoid the "specified and sequenced process for identifying asserted claims, accused products, and claim terms for construction" contained in the Local Patent Rules. (Mot. [11], at 7-8). Plaintiffs ask the court to either strike the Motion for Summary Judge or stay its consideration until seventy-five days after the court has entered its order construing the patent claims at issue pursuant to Local Patent Rule 6. The parties are currently scheduled to begin the process under L.P.R. 6.1 by exchanging proposed terms in need of claim construction within ninety days of the filing of an answer by Defendants.

Defendants submitted a statement of undisputed material facts; Plaintiff responded and asserted its own additional undisputed material facts; and Defendants responded to these additional facts. In support of their version of the facts, Defendants have submitted (1) a Declaration of Timothy Montgomery, Chief Executive Officer of Vidalia, who testified that Vidalia's grills contain no baffle and no "device that is coupled to an air outlet that creates an air flow through an air inlet, an air passage and an air outlet," (Montgomery Decl. ¶ 9); (2) photos and diagrams of old and new Vidalia Grills; (3) copies of the '278 and '964

3

patents and prosecution file histories; and (4) a Second Declaration of Timothy Montgomery which (a) states that the photographs of a Vidalia Grill, submitted by Plaintiff and relied upon by Gregory Scott Smith, are of a grill made and sold before July of 2005; (b) describes the internal structure of the old and new Vidalia grills through photographs and diagrams; and (c) states definitely that none of Vidalia's new grills includes "any sort of baffle," (Montgomery Decl. 2 ¶ 31). In support of its assertions, Plaintiff submitted (1) the Declaration of Gregory Scott Smith, a patent lawyer and potential patent expert who was involved in the prosecution of the relevant patents, describing the air flow mechanism and baffle like mechanism in the Vidalia grills and responding to the first Montgomery declaration; and (2) photos, diagrams, and marketing material of Vidalia grills.

## II. Discussion

### A. *Motion to Dismiss*

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Federal Rule Civil Procedure 84 Appendix of Forms, Form 16, promulgated in 2006, contains a sample patent infringement complaint. It includes only the following elements:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement

4

> that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. 2007) (assessing the requirements of 8(a)(2) in the patent context). Numerous district courts, as well as the Federal Circuit Court of Appeals, have found complaints with these basic elements to sufficiently meet the notice pleading standard under Fed. R. Civ. P. 8(a) even if they did not allege the specific infringing item or what claim of the asserted patent the item infringed. *See McZeal*, 501 F.3d at 1357-58 (holding no heightened pleading standard for patent cases and Form 16 elements sufficient); *see, e.g.*, *FotoMedia Technologies, LLC v. AOL, LLC*, No. 2:07CV255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (complaint enough that stated defendants made, used, licensed photosharing website services in the judicial district that alone or in combination with personal computers infringed given patents); *Applera Corp. v. Thermo Electron Corp.*, No. 04-1230, , 2005 WL 524589 (D. Del. Feb. 25, 2005) (pleading sufficient enough even though plaintiff did not identify which of defendant's ninety-three products infringed patent).

A court in this district recently addressed this issue in *CBT Flint Partners, LLC v. Goodmail Systems, Inc.*, 529 F. Supp. 2d 1376 (N.D. Ga. 2007) (Thrash, J.). There, the court determined that (1) there is no heightened pleading standard for patent infringement cases; and (2) such a standard would be unnecessary because the Local Patent Rules of the Northern District of Georgia require plaintiffs to disclose a great deal of extremely detailed

AO 72A
(Rev.8/82)

information early. *Id.* at 1380-81. The court found that the plaintiff's complaint, which alleged on information and belief that the defendant made, used, and sold products and services in the judicial district which included and/or practiced one or more of the inventions claimed in two given patents, was sufficient under Fed. R. Civ. P. 8(a). *Id.* at 1378, 1381.

This court agrees with the analysis of Rule 8(a) in the patent context in *CBT Flint* and *McZeal*. Plaintiff's complaint clearly states that Plaintiff owns the '278 and '964 patents; Defendants have been making, selling, and using a product embodying these patents; Defendants have done so in this judicial district; Plaintiffs have given Defendants notice of the violation; and Plaintiffs are demanding damages. This is all Rule 8(a) requires. Defendants' Motion to Dismiss is DENIED.

### B.     *Motion for Summary Judgment*

Summary judgment is warranted if the evidence before the court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he party opposing summary judgment should be permitted an adequate opportunity to complete discovery" and gather the facts necessary to challenge the moving party's assertions. *Jones v. City of Columbus, GA*, 120 F.3d 248, 253 (11th Cir. 1997). In determining whether there is a genuine issue of material fact, the court must make all reasonable inferences in favor of the non-moving party. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). The relevant rules of substantive law dictate

AO 72A
(Rev.8/82)

whether a disputed fact is material. *Id.* "Under the 'all elements' rule, to find infringement, the accused device must contain 'each limitation of the claim, either literally or by an equivalent.'" *TIP Systems, LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364 (Fed. 2008).

Here, Defendants ask the court to construe a limitation under both the relevant patents regarding the presence of a "baffle" and construe a limitation as to the '964 patent regarding a device that is coupled to an air outlet that creates an air flow through an air inlet, to find that none of Vidalia's existing grills contains these limitations, and to declare that Plaintiff's claims fail as a matter of law. The court finds that it cannot construe these limitations at this time without the information L.P.R. 6 is designed to provide including the exchange of preliminary constructions, a joint claim construction statement, claim construction discovery, claim construction briefs, and a claim construction hearing. Further, the court finds that there are material disputes of fact regarding whether the Vidalia grills have a "baffle" or "any sort of device that is coupled to an air outlet that creates an air flow through an air inlet." (*See* Defs.' SMF [5-13] ¶¶ 4-5; P.'s SMF Resp. [12-1] ¶¶ 4-5; P.'s Add'l SMF [12-1]; Defs.' Resp.[17]). Defendants' Motion for Summary Judgment is DENIED. Defendants may re-file their Motion for Summary Judgment after the court has construed the patent claims in this matter pursuant to L.P.R. 6.

**III. Conclusion**

7

Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [5] is DENIED. Plaintiff's Motion to Strike or in the Alternative Motion to Stay [11] and Motion for Leave to File Surreply and to Supplement Statement of Additional Material Facts [20] are DENIED as MOOT.

**IT IS SO ORDERED** this 19th day of February 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)